Bryan J. Thomas (SBN# 151578)
bryan@bjthomaslaw.com
LAW OFFICES OF THOMAS AND ASSOCIATES
1801 Century Park East
24 Floor
Los Angeles, California 90067
(424) 201-5446
(424) 316-3038 Fax

Attorney for Plaintiff
Free-Free Industrial Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE-FREE INDUSTRIAL CORPORATION,<br><br>               Plaintiff,<br><br>vs.<br><br>EVRIHOLDER PRODUCTS, INC<br>               Defendant<br>_____ | CASE:<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, COMMON LAW UNFAIR COMPETITION AND PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

1.

1

2

3    Plaintiff Free-Free Industrial Corporation ("Free-Free or "Plaintiff"") brings this

4    action against Evriholder Products, Inc., for infringement of US Reissue Patent RE

5    48 332 (the "332 Patent"); US 10,352,311 (the "311 Patent") and US 10,865,018

6    (the "018 Patent").

7

8                                    **I.**

9                                **PARTIES**

10   1.    Plaintiff Free-Free is a Taiwanese entity corporation with its principal place of

11   business at 19th Fl., No.76, Sec. 2, Dunhua S. Rd., Da-an District, Taipei 106,

12   Taiwan.

13   2. Free-Free is the leading manufacturer of high-quality acrylic products, including

14   storage containers. Founded in 1985, with nearly four decades of industry

15   experience and innovation, its products have been distributed to 72 countries

16   worldwide and is considered the industry standard.

17   3.    On information and belief, Evriholder Products, Inc. ("Evriholder") is an

18   Indiana limited liability company registered as a foreign entity in California with its

19   principal place of business at 975 W. Imperial highway 100, Brea, California

20   92821. On information and belief, Evriholder is the distributor and owner of

21   "Kitchen Spaces" and has been developing, distributing, marketing, selling, and

22   offering to sell storage containers including, but not limited, to Kitchen Spaces

23

24

25                                                          2.

26

colander bin Containers (the "Accused Products"). The Accused Products, without authorization, contain one or more of the claimed inventions of each of the Patent-in-suit, and Evriholder introduces these products into the stream of commerce knowing they will be sold and/or used in this District and elsewhere in the United States as well as infringement on Plaintiff's trademark.

## II.
## JURISDICTION AND VENUE

4.    The Court has original subject matter jurisdiction over federal Lanham Act claims pursuant to 15 U.S.C. §1125, and 28 U.S.C. §§1331 and 1338. The Court has supplemental jurisdiction over the California State law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so closely related to the federal claims brought herein as to form part of the same case or controversy.

5. This is also a action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271 and for such other relief as the court deems just and proper. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant, and venue in this District is proper because Defendant committed acts giving rise to this action within and/or directed to this District and has established minimum contacts within this District such that the exercise of jurisdiction over Defendant would not offend traditional

3.

Complaint for Trademark; Patent
Infringement, et al.

Case No._____

notions of fair play and substantial justice.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), at the time of this action. Defendant's contacts are substantial enough with the State of California to subject it to personal jurisdiction. Defendant committed acts within the district that give rise to this action.

## FREE-FREE HISTORY AND PATENTED TECHNOLOGY

8.   Free- Free Industrial Corporation was established in Taipei, Taiwan in 1985 by Mike Liu and Sylvia Chang.  Mike and Sylvia had a vision to create the highest quality acrylic resin canisters and storage products for distribution and sale throughout the world.

9.   Free-Free Industrial Corporation began manufacturing canisters with their first factory located in Taiwan. It was here that Mike was instrumental in the development of revolutionary techniques still used today in the art of hand blowing acrylic resins.  The business expanded along with the growth in the popularity of quality resin products.  This growth allowed Free-Free Industrial Corporation to expand the product line into a variety of new consumers and industrial Housewares categories.

10. The founder's continued commitment to quality has made Free-Free Industrial Corporation a leading manufacturer of acrylic storage, serving ware,

4.

Complaint for Trademark; Patent Infringement, et al.

Case No._____

tabletop, microwave, and bath products. Free-Free Industrial is the largest manufacturer of acrylic canisters in the world.

11.    In August 1993 a U.S. Division of Free-Free Industrial Corporation was established in Southern California and operates as Free-Free (USA), Incorporated dba Felli Housewares ("Free-Free"). The escalating demand from U.S. retailers for Free-Free products made this expansion successful from the start.

12. In 2005 the U.S. Division added a dba "Felli Housewares".   The U.S. division continues to maintain offices, showrooms, and distribution centers that service all North American customers via domestic shipments and/or direct import.

13. Each of Free-Free's factories are able to produce custom molds and utilizes a variety of resins, from polycarbonate to polystyrene.   Its products are marketed to over 60 countries under the "Felli" brand as well as other nationally recognized brands.

14. From the beginning, Free-Free Industrial Corporation's main focus was always about design and innovation. Free-Free Industrial is committed to being a leader in innovation, design and quality manufacturing.

15. Since its founding Free-Free has continued to design, develop, market, and license its custom molds, utilizing a variety of resins.

16.  Free-Free has made large-scale investments in the exploitation of its technology and since its founding, has spent millions of dollars on research and development of

5.

Complaint for Trademark; Patent
Infringement, et al.

Case No._____

its valuable technology and design. Free-Free relies on the United States patent system

to protect the design and technology resulting from its research and development.

Free-Free continued success depends on its research and development of its resins

 as well as the protection of intellectual property in its innovative design

and technology.

**CLAIM ONE**
**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK**
**(Lanham Act§43(a)-15 U.S.C. §1125(a)-Trademark Infringement)**

17. Plaintiff re-alleges and incorporates the allegations of paragraph 1-16 above.

18. For nearly 40 years, Plaintiff has been the industry leader in the business of

developing a variety of resins products. The word mark "FLIP-TITE" is known

throughout the world as the best quality food storage container(s) due to the patented

"vacuum seal "method.

19. Plaintiff is the owner of the U.S. Trademark Registration Nos. 6,926,599; 4102140

for the "FLIP-TITE" word mark. Copy of registration is attached hereto as Exhibit A.

20. Through continuous and conspicuous usage, the "FLIP-TITE" word mark (the

"Mark") is famous in the house wares marketplace. Plaintiff has exercised legitimate

control over the uses of the Mark by it duly authorized licenses and has been diligent in

abating the use of the Mark by unauthorized parties.

6.

21. As described in this Complaint, Defendant has infringed upon Plaintiff's registered trademark in interstate commerce by various acts, including, without limitation, the adoption of the mark "Airtight" food storage container sold under the Kitchen Spaces brand, which appearance and function is identical, thereby, similar to Plaintiff's "Flip-Tite" Trademark.

Defendant's conduct of selling and advertisement of its houseware products in connection with the infringing mark, has caused confusion in the marketplace due to the similarity of the two marks and appearance and function of the product.

22.  Defendant use of the infringing mark is without permission or authority from Plaintiff and has caused and is likely to cause confusion, mistake and/or intent to deceive those in the relevant market.

23. Defendant has used the infringing mark in connection with house ware goods and storage containers with constructive notice of Plaintiff's registration under 15 U.S.C. §1072.

24. Defendant was notified in writing of Plaintiff's objection to the sale of Defendant's products under the Kitchen Spaces brand. Defendant continues to willfully defy Plaintiff's notice and warning, by selling and delivering the infringing products to retailers.

25. By engaging in the complained-of conduct, Defendant used in commerce, without the consent of Plaintiff, a reproduction, counterfeit, copy or colorable imitation of the

7.

registered trademark and/or reproduced, counterfeited, copied or colorable imitated the

registered trademark or applied a reproduction, counterfeit, copy or colorable imitation

of the registered trademark to its website and other tangible items intended to be used

in commerce or reach consumers in violation of 15 U.S.C. §1114.

26. Defendant infringing activities have caused and, unless enjoined by this Court, will

continue to cause, irreparable injury and other damages to Plaintiff, its business, its

reputation, and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM TWO

### (Lanham Act §43(c)-15 U.S.C. §1125(c)-Trademark Dilution)

27. Plaintiff re-alleges and incorporates the allegations of paragraph 1-26 above.

28. The commercial use by Defendant of the similar mark will cause dilution of the

Marks by "blurring.". By their acts as herein alleged, Defendant willfully intended

to trade on Plaintiff's reputation and patent, in order to cause dilution of Plaintiff's

famous Mark. As a consequence of Defendants' acts, Plaintiff is entitled to

injunctive and other relief as prayed.

## CLAIM THREE
## COMMON LAW UNFAIR COMPETITION.

29. Plaintiff re-alleges and incorporates the allegations of paragraph 1-28 above.

30. The above stated actions of Defendant are a form of unfair competition that is

prohibited under the California Unfair Competition Law (UCL), found in Business

and Professions Code §§17200 and 17500. Defendant actions of violating the

8.

Plaintiff's patent and having a similar mark, is unlawful, unfair, and fraudulent

business practice, along with false, deceptive, or misleading advertising by

advertising the product as the "airtight" container using the identical appearance of

Plaintiff's product and unauthorized use of Plaintiff's patent method.


### III.
### THE PATENT-IN-SUIT


31.    The 332 Patent, entitled VACUUM SEALING CAP, duly and legally

reissued on December 1, 2020, and names Shen-Yu Liu as the inventor, attached as

Exhibit B is a true and correct copy of the 332 Patent.

32. Plaintiff is the assignee of the entire right, title, and interest in the Patent-in-suit.

33. The Patent-in-suit pertains to a vacuum sealing cap for a container, featuring an

outer and inner cap body capable of relative movement, while a compressible

sealing gasket ensures a seal when the inner cap moves towards the outer cap.

Control over the inner cap's movement is provided by a slide member and an

operating member, adjusting the gasket's contact by moving up or down. Notably,

the Patent-in-suit is tailored to address shortcomings found in prior art, where one

or more resilient clip fasteners are utilized to ensure a tight seal between the cap

and container yet pose challenges and inconvenience in opening due to their

structure.

9.

Complaint for Trademark; Patent
Infringement, et al.

Case No._____

34. The 311Patent, entitled STORAGE CONTAINER, duly and legally reissued on July 16, 2019, and names Shen-Yu Liu as the inventor, attached as Exhibit C is a true and correct copy of the 311 Patent.

35. The 018 Patent, entitled STORAGE CONTAINER, duly and legally reissued on December 15, 2020, and names Shen-Yu Liu as the inventor, attached as Exhibit D is a true and correct copy of the 018 Patent.

36. Free-Free is the holder of all rights, title, and interest in and to the 332 Patent, 311 Patent, and 018 Patent, with full and exclusive right to bring suit to enforce it. The 332 Patent, 311 Patent and 018 Patent are valid and enforceable under United States patent laws.

## DEFENDANTS PRE-SUIT KNOLWLEDGE OF THE PATENT-IN-SUIT

37. Free-Free contacted Evriholder, via US Priority Mail, concerning the Patent-in-Suit and other intellectual property. Free-Free informed Evriholder that the Accused Products infringed the Patent-in-Suit, identifying specific features of the Accused product that comprised claim features of the 311 Patent, 018 Patent and 332 Patent.

38. Free-Free has given notice to the public of the 311 Patent, 018 Patent and 332 Patent, by listing the inventions on Free- Free Industrial Corporation website (www.felli-group.com).

10.

Complaint for Trademark; Patent
Infringement, et al.

Case No._____

1
2

**CLAIM FOUR-INFRINGMENT OF U S REISSUE PATENT RE 48,332**
**(Under 35 U.S. C. § 271, *et. Seq.*)**

3
4

39. Plaintiff re-alleges and incorporates the allegations of paragraph 1-38 above.

5
6
7

40. Plaintiff is the current assignee of the 332 Patent and has all substantial rights to the enforcement of the 332 Patent, including the right to exclude others and to sue and recover damages for past and future infringement (Exhibit B).

8
9

41. The 322 Patent is valid, enforceable, and was duly issued full compliance with Title 35 of the United States Code.

10
11
12
13
14
15
16
17
18
19

42. On information and belief, Evriholder has been and is currently infringing, directly or indirectly, one or more claims of the 332 Patent in this District and elsewhere in the United States by making, using, selling, offering to sell and/or importing, and by actively inducing others (including at least Defendant's subsidiaries, distributors, affiliates, retailers, customers and/or consumers) to make, use, sell, offer to sell, and/or import the Accused Products, their components, and/or other products containing the same that incorporate the inventions of the 332 Patent, in violation of 35 U.S.C. § 271.

20
21
22
23
24

43. On information and belief, and by way of illustration only, the Accused Products include each and every element of at least claim 1 of the 332 Patent. Claim 4 of the 332 Patent recites "A vacuum sealing cap for a container, comprising: an outer cap body adapted to cover removably a mouth of the container

25

11.

26

and having a top wall, *wherein said outer cap body further includes a skirt portion*

*extending downwardly from said top wall and a first upper limiting member*

*projecting downwardly and annularly from said portion*; an inner cap body

disposed below and movable toward or away from said outer cap body *and having*

*a base wall opposite to said top wall of said outer cap body*; a sealing gasket that is

disposed around an outer periphery of said inner cap body and that is compressible

by said outer cap body to abut sealingly against the mouth of the container when

said inner cap body moves toward said outer cap body; a slide member movably

extending through said outer cap body and connected to said inner cap body; and an

operating member connected pivotally to said slide member above said top wall of

said outer cap body,  and being pivotable between a first position, where said

operating member pulls upwardly said slide member to move said inner cap body

upwardly toward said outer cap body so that said sealing gasket is pressed sealingly

against the mouth of the container, and a second position, where *a spring element is*

*disposed between the top wall and the base wall*, and said operating member

[pushes downwardly] *causes* said slide member to be *pushed downwardly and via*

*the spring element* to move said inner cap body away from said outer cap body so

that said sealing gasket is not pressed sealingly against the mouth of the container

wherein said operating member has a transverse bottom end face and two opposite

12.

longitudinal side faces, said bottom end face being spaced apart from a pivot point of said operating member at a distance smaller than a distance from said pivot point to either one of said side faces, said bottom end face facing said top wall of said outer cap body when said operating member is in said second position, one of said sides faces abutting against said top wall of said outer cap body when said operating member is in said first position; and wherein said [inner cap body has a] base wall [opposite to said top wall of said outer cap body and] is connected to said slide member, and said inner cap body has a lower limiting member extending upwardly and annularly from said base wall and indented inwardly immediately above said base wall to define an annular groove above said base wall, said sealing gasket having an inner section received in said annular groove, and an outer section extending upwardly and inclinedly from said inner section and compressible by said outer cap body to move downwardly and outwardly when said inner cap body moves toward said outer cap body."

As shown in Exhibit B, the Accused product is a vacuum sealing cap for a container.

44. On information and belief, the Accused Products comprise an outer cap body adapted to cover removably a mouth of the container and having a top wall, wherein said outer cap body further includes a skirt portion extending downwardly from said top wall and a first upper limiting member projecting downwardly and

13.

annularly from said skirt portion; an inner cap body disposed below and movable toward or away from said outer cap body and having a base wall opposite to said top wall of said outer cap body; a sealing gasket that is disposed around an outer periphery of said inner cap body and that is compressible by said outer cap body to abut sealingly against the mouth of the container when said inner cap body moves toward said outer cap body.

45. Further with regards to claim 4 of the 332 Patent, the Accused Product comprises a slide member movably extending through said outer cap body and connected to said inner cap body; and an operating member connected pivotally to said slide member above said top wall of said outer cap body, and being pivotable between a first position, where said operating member pulls upwardly said slide member to move said inner cap body upwardly toward said outer cap body so that said sealing gasket is pressed sealingly against the mouth of the container, and a second position, where a spring element is disposed between the top wall and the base wall, and said operating member causes said slide member to be pushed downwardly and via the spring element to move said inner cap body away from said outer cap body so that said sealing gasket is not pressed sealingly against the mouth of the container; wherein said operating member has a transverse bottom end face and two opposite longitudinal side faces, said bottom end face being spaced apart from a pivot point of said operating member at a distance smaller than a

14.

distance from said pivot point to either one of said side faces, said bottom end face

facing said top wall of said outer cap body when said operating member is in said

second position, one of said side faces abutting against said top wall of said outer

cap body when said operating member is in said first position; and wherein said

base wall is connected to said slide member, and said inner cap body has a lower

limiting member extending upwardly and annularly from said base wall and

indented inwardly immediately above said base wall to define an annular groove

above said base wall, said sealing gasket having an inner section received in said

annular groove, and an outer section extending upwardly and inclinedly from said

inner section and compressible by said outer cap body to move downwardly and

outwardly when said inner cap body moves toward said outer cap body.

46. Defendant Evriholder was given notice under 35 U.S.C.

§287(a) of the 332 Patent via a cease-and-desist letter notifying of the infringement

of the Patent-in-Suit by specific product and Free-Free website clearly list the 332

Patent.

47. Defendant Evriholder infringement has been, and continues to be knowing,

intentional, and willful. Moreover, Defendant Evriholder has knowingly and

intentionally induced others, including its subsidiaries, distributors, affiliates,

retailers, customers and/or consumers, to directly infringe by making, using,

selling, offering to sell, and/or importing into the United States the Accused

15.

Products that infringe one or more claims of the 332 Patent.

48. Defendant Evriholder acts of infringement of the 332 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. §284.

49. Defendant Evriholder acts of infringement of the 332 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm, for which there is no adequate remedy at law unless this Court enjoins such infringing activities pursuant to 35 U.S.C. §283.

50. This case is exceptional and therefore, Plaintiff is entitled to an award of attorney fees pursuant to 35 U.S.C. §285.

**CLAIM FIVE-INFRINGMENT OF US PATENT `10,865,018 and 10, 351,311**

**(Under 35 U.S. C. § 271, *et. Seq*.)**

51. Plaintiff re-alleges and incorporates the allegations of paragraph 1-50 above.

52. Plaintiff is the current assignee of the 018 Patent and 311 Patent and has all substantial rights to the enforcement of the 018 Patent and 311 Patent, including the right to exclude others and to sue and recover damages for past and future infringement.

53. The 018 Patent and 311 Patent is valid, enforceable, and was duly issued full compliance with Title 35 of the United States Code.

16.

Complaint for Trademark; Patent
Infringement, et al.

Case No._____

54. On information and belief,  Defendant Evriholder  has been and is currently infringing, directly or indirectly, one or more claims of the 018 Patent and 311 Patent in this District and elsewhere in the United States by making, using, selling, offering to sell and/or importing, and by actively inducing others (including at least Defendant's subsidiaries, distributors, affiliates, retailers, customers and/or consumers) to make, use, sell, offer to sell, and/or import the Accused Products, their components, and/or other products containing the same that incorporate the inventions of the 311 Patent and 018 Patent, in violation of 35 U.S.C. § 271.

55. On information and belief, and by way of illustration only, the Accused Products include each and every element of at least claim 2 of the 018 Patent and 311Patent. Claim 5 of the 018 Patent and 311 Patent recites "A storage container includes a container body, a lid, and a dividing member. The container body defines an accommodating space that has a top opening. The lid is removably disposed on the container body and has two covering sections that cooperatively cover the opening.  Each one of the covering sections is independently operable to uncover a part of the opening. The dividing member is removably disposed in the accommodating space for dividing the accommodating space into two compartments.

The dividing member has two plate sections that are connected to each other such that the dividing member is foldable in a manner that the plate sections overlap

17.

each other. The dividing member is displaceable between a first position, where the dividing member is supported by the inner protrusion of the surrounding wall and extends horizontally in the accommodating space such that the compartments are respectively formed on top and bottom sides of the dividing member, and a second position, where the dividing member is folded and is vertically disposed in the accommodating space such that compartments are respectively formed on two lateral sides of the dividing member. The dividing member is formed with a plurality of perforations that spatially communicate the compartments.

The connecting strip interconnects the covering sections such that each of the covering sections can be flipped open relative to the connecting strip. The seal member has two spaced-apart sealing portions and an elongated bridging portion. The sealing portions removably, sealingly, and respectively covers the bottom holes. The support plate is substantially flat, is disposed above the base wall of the container body and extends horizontally in the accommodating space. The support plate is formed with a plurality of through holes which extend through top and bottom surfaces of the support plate, and a slit through which the dividing member vertically extends when the dividing member is at the second position.

56. On information and belief, the Accused Products comprise a container body, lid and dividing member. The dividing member is removably disposed in the accommodating space for dividing the accommodating space into two

18.

compartments. The dividing member has two plate sections that are connected to each other such that the dividing member is foldable in a manner that the plate sections overlap each other. The dividing member is displaceable between a first position, where the dividing member is supported by the inner protrusion of the surrounding wall and extends horizontally in the accommodating space such that the compartments are respectively formed on top and bottom sides of the dividing member, and a second position, where the dividing member is folded and is vertically disposed in the accommodating space such that compartments are respectively formed on two lateral sides of the dividing member. The dividing member is formed with a plurality of perforations that spatially communicate the compartments.

57. Defendant Evriholder was given notice under 35 U.S.C. §287(a) of the 332 Patent via a cease-and-desist letter notifying of the infringement of the Patent-in-Suit by specific product and Free-Free website clearly list the 018 and 311 Patent.

58. Defendant Evriholder infringement has been, and continues to be knowing, intentional, and willful. Moreover, Defendant Evriholder has knowingly and intentionally induced others, including its subsidiaries, distributors, affiliates, retailers, customers and/or consumers, to directly infringe by making, using, selling, offering to sell, and/or importing into the United States the Accused Products that infringe one or more claims of the 311 Patent and 018 Patent.

19.

59. Defendant Evriholder acts of infringement of the 018 Patent and 311 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. §284.

60. Defendant Evriholder acts of infringement of the 018 Patent and 311 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm, for which there is no adequate remedy at law unless this Court enjoins such infringing activities pursuant to 35 U.S.C. §283.

61. This case is exceptional and therefore, Plaintiff is entitled to an award of attorney fees pursuant to 35 U.S.C. §285.

## PRAYER FOR RELIEF

WHEREFORE, Free-Free respectfully request the following:

A. A Judgment that Defendants have infringed one or more claims of the Patent-in-suit;

B. A Judgment awarding Fee-Free damages resulting from the Defendants' infringement of the Patent-in-Suit;

C. A Judgment that Defendants have willfully infringed the Patent-in-suit;

D. A Judgment that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C.§284;

20.

Complaint for Trademark; Patent
Infringement, et al.

Case No._____

E. A Permanent injunction preventing Defendant, its officers, directors, attorneys, agents, servants, employees, parties in privity with, and all persons in active concert or participating with any of the foregoing, from infringing the Patent-in-suit, pursuant to 35 U.S.C. 283;

F. A judgment requiring Defendant to pay Free-Free's costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the Patent-in-suit;

G. A judgment finding that this is an exceptional case and awarding Free-Free its reasonable attorneys' fees pursuant to 35 U.S.C. §285; and

H. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial of all issues triable to a jury.

DATED: July 14, 2024,

Respectfully Submitted,
THOMAS & ASSOCIATES

By:_____
       Bryan J. Thomas
       Attorney for Plaintiff
       Free-Free Industrial

21.

Complaint for Trademark; Patent
Infringement, et al.

Case No._____